972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond A. CHAMBERLIN, Plaintiff-Appellant,
v.
Clinton W. WHITE, P.J., Court of Appeal of the State of
California, First District Division Three,
Defendant-Appellee.
 No. 91-16390.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 6, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond A. Chamberlin appeals pro se the district court's order dismissing before service of process his 42 U.S.C. § 1983 civil rights action on the basis of the Younger v. Harris, 401 U.S. 37 (1971), abstention doctrine. We interpret the district court's sua sponte dismissal of the in forma pauperis complaint before service of process as a dismissal pursuant to 28 U.S.C. § 1915(d). Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 Chamberlin requested injunctive and declaratory relief, seeking to require Presiding Judge Clinton W. White, Court of Appeal of the State of California, First District, Division Three ("Division Three"), to transfer a pending criminal appeal to another division of the California Court of Appeal. Chamberlin alleged Division Three had adversely prejudged his criminal appeal in a previous opinion issued in another case brought by him. Division Three's subsequent issuance of an opinion reversing Chamberlin's conviction in his criminal appeal renders this issue moot. See Murphy v. Hunt, 455 U.S. 478, 481 (1982) ("case becomes moot when 'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome' " (citation omitted)).
 
 
 4
 We reject Chamberlin's contention that the challenged conduct is "capable of repetition, yet evading review." Southern Pac. Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 515 (1911). Where, as here, the chance of repetition is remote and speculative, we lack jurisdiction. See Williams v. Alioto, 549 F.2d 136, 142 (9th Cir.1977).
 
 
 5
 Chamberlin also requested that the district court declare that Division Three had violated his rights to due process and equal protection when it declined to publish an opinion denying one of his other appeals. This claim is entirely without merit. Division Three's decision not to publish its opinion did not in any way affect Chamberlin's right to due process or equal protection.
 
 
 6
 Although completion of the state court proceedings forming the basis of Chamberlin's claims renders the Younger abstention doctrine inapplicable to the instant case, we affirm because the case is moot. See Kruso v. International Tel. & Tel., 872 F.2d 1416, 1421 (9th Cir.1989) (court of appeals may affirm decision of district court "on any ground finding support in the record"), cert. denied, 496 U.S. 937 (1990).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Chamberlin's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3